## H. M. WINSLOW *v.* B. C. STEWART.

[Abstract Kentucky Law Reporter, Vol. 7—368.]

**Fraudulent Conveyance.**

    A deed made without any consideration is fraudulent as against creditors; and where property thus conveyed is again conveyed and the grantee and grantor both enter into the fraud, it may still be reached by creditors of the first grantor.

### APPEAL FROM GALLATIN CIRCUIT COURT.

November 7, 1885.

OPINION BY JUDGE LEWIS:

In 1874 appellee, B. C. Stewart, became the surety of Andrew Beverly in a note payable to S. C. Richey for about $59, on which judgment was recovered in the Gallatin County Quarterly Court and an execution was issued and returned in April, 1875, "no property found." Whereupon the plaintiff caused a copy of the petition, judgment and execution with the return of the officer certified by the judge of the quarterly court to be filed in the office of the clerk of Gallatin Circuit Court, whence an execution upon the judgment was, June 15, 1878, issued and returned July 29, 1878, with an official indorsement on it "replevied with J. M. Stewart and Jasper Alexander sureties," it being also signed by Andrew Beverly and B. C. Stewart as principals. This action was brought August 26, 1878, before the replevin bond due by appellee, B. C. Stewart, and the two sureties against Andrew Beverly, Mollie Beverly, his wife, W. H. Morgan and S. C. Richey, the plaintiff in the execution.

In the petition is stated the liability of the plaintiffs as sureties of Andrew Beverly and the grounds for an attachment mentioned in

47

Civ. Code 1876, § 194, subsec. 7, and in addition that he in March, 1876, fraudulently and without consideration conveyed the lot of land in controversy to W. H. Morgan, who at the request and in aid of the purpose of Andrew Beverly to defraud his creditors conveyed the same lot without consideration, March 8, 1878, to Mollie Beverly. An attachment was issued but was not levied upon the lot mentioned until January 1, 1879. Subsequently August 19, 1881, an amended petition was filed in which it was stated that an execution had been issued since the commencement of the action on the replevin bond, and appellee, B. C. Stewart, had been compelled to satisfy it.

In September, 1881, appellant, Winslow, on his motion was made a party defendant to the action and in his answer set up claim to the lot in dispute in virtue of his purchase at a sale under execution issued upon a judgment rendered in the Gallatin Circuit Court for $———, costs in an action in which one Noll was plaintiff and W. H. Morgan was defendant, and filed with his petition the sheriff's deed therefor made to him. When the judgment was rendered in February, 1875, in favor of Richey and Andrew Beverly and B. C. Stewart, his surety on the note, Beverly had the undisputed title and possession of the lot in controversy, and we think it proved beyond controversy that the deed which he made to Morgan March 8, 1876, was without any consideration whatever, and was made for the fraudulent purpose stated in the petition, for neither Morgan nor Beverly deny in their answers the allegations of fraud made by the plaintiffs against them, and even if they had done so the history of the transaction given by Morgan in his deposition shows not only that the deed was made to him by Beverly fraudulently, but that the subsequent conveyance of the lot of Morgan to Mollie, the wife of Andrew Beverly, which occurred March 8, 1878, was in order to carry out the original purpose of fraudulently placing the property beyond the reach of Andrew Beverly's creditors.

Morgan testifies that he neither paid nor agreed to pay Beverly any consideration whatever for the lot, and that he did not know for two months after it was made to him that it had been done. He states further that the $300 recited in the deed from him to Mollie Beverly as the consideration therefor never was in fact paid to him, but that Andrew Beverly on the day it was executed borrowed of Dr. Yager the money and handed it to his wife, and he

therefore made the deed to her, but that instead of retaining or appropriating it he, Morgan, immediately after making the deed returned the identical money to Andrew Beverly, who it otherwise appears repaid it to Dr. Yager the same day he borrowed it.

The evidence further satisfactorily shows that Andrew Beverly, notwithstanding the deed to Morgan in 1876, continued afterwards, as he had done before, to control and use the lot for his own benefit, Morgan at no time claiming it under the deed. As between appellee and Beverly and wife we think there can be no question of the right of the former to subject the property to the satisfaction of his debt. It is equally clear that Morgan, according to his own statement and admissions, could not have successfully resisted recovery by the plaintiffs even if he had not conveyed to Mollie Beverly, the only party to this record who has any defense at all, or who has contested the right of the plaintiff to subject the property to Winslow. The execution under which he purchased was not against Beverly but Morgan alone, and was not issued until after Morgan had made a deed of the lot to Mollie Beverly. When it was sold by the sheriff neither the legal title nor possession was in Morgan, defendant in the execution, but in one not a party to it, of which Winslow seems to have had notice before purchasing.

It necessarily follows, therefore, waiving the question of champerty, that if he acquired anything at all under the sheriff's deed it can be no more than an equitable claim to the property, which can not avail him against appellee, Stewart, for it may be that Andrew Beverly could not in a court of equity have compelled Morgan to reconvey to him or his wife the property which he had divested himself of for a purpose declared fraudulent by statute. He did not by that act place it beyond the reach of his creditors. Nor can the deed to Mollie Beverly from Morgan be regarded in the meaning of the statute as a conveyance of his property fraudulent as to his creditors. The act denounced by the statute was the original conveyance from Andrew Beverly to Morgan, which was as to appellee, a creditor of the former, both fraudulent and void. A reconveyance to the wife of Beverly at his request should be held rather an attempted restoration by Morgan of what he had unlawfully obtained and held, whereby the injury to Andrew Beverly's creditor is somewhat repaired and the law to that extent satisfied.

But to determine the deed from Morgan to Mollie Beverly fraud-

ulent and void as to his creditors and purchasers, and as a necessary deduction that appellant acquired by his purchase a good title to the lot, even against appellee, would effectuate the fraudulent intent with which the property was originally conveyed by Andrew Beverly to Morgan and render valid what the statute declares is void. Whatever right or interest appellant may have in the lot, if any, is in our opinion subordinate to appellee's lien. It was not indispensable to file in the circuit court clerk's office a copy of the summons in the action of Richey against Beverly and Stewart tried in the quarterly court in order to authorize the clerk to issue an execution. As the transcript filed showed a judgment rendered in the quarterly court and an execution issued and duly returned, the presumption exists that the defendants were regularly before the court, before the rendition of the judgment, and the plaintiff was entitled to have an execution from the office of the circuit court clerk. But without a copy of the record from the quarterly court, there was evidence of the demand of appellee against Andrew Beverly. Whereupon the judgment is *affirmed*.

*Winslow and Winslow, for appellant.*

*J. J. Landrum, for appellee.*